## URV GROFF v. STATE.

No. A-6217. Opinion Filed April 28, 1928.
(266 Pac. 794.)

C. H. Madden, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted in the district court of Harmon county, Oklahoma, of the crime of incest, in that he married his first cousin, Vina Sinclaire, on the 25th day of October, 1925. A trial by jury resulted in a verdict of guilty, and his punishment assessed at nine months in the state penitentiary.

This prosecution is based on section 1866, Compiled Statutes 1921, which reads as follows:

"Persons who, being within the degrees of consanguinity within which marriages are by the laws of

the state declared incestuous and void, intermarry with each other, or commit adultery or fornication with each other, are punishable by imprisonment in the penitentiary not exceeding ten years."

Sections 7489 and 7492, Compiled Statutes 1921, bearing upon the question involved in this case:

"Marriages between ancestors and descendants of any degree, of a stepfather with a stepdaughter, stepmother with stepson, between uncles and nieces, aunts and nephews, except in cases, where such relationship is only by marriage, between brothers and sisters of the half as well as the whole blood, and first cousins, or second cousins, are declared to be incestuous, illegal and void, and are expressly prohibited."

"The judge or clerk of the county court of any county in this state, upon application in writing signed and sworn to in person before him by a person legally competent to make and take oath, and having personal knowledge of the facts, setting forth the full names and ages and places of residence of the persons to be married and that such persons are not disqualified or incapable of entering into the marriage relation, nor of the relationship prohibited by law, and being satisfied of the truth and sufficiency of such application, and that there is no legal impediment to such marriage, shall issue under his hand and the seal of this court, the license authorizing such marriage; such license shall be valid only in the county in which it is issued."

The evidence on the part of the state in this case is conclusive of guilt. It is shown that the defendant went to the court clerk in the city of Hollis, and there procured a marriage license to marry one Vina Sinclaire. Before procuring this license it was shown that the defendant made an affidavit to the effect that he and Vina Sinclaire were not related to each other within the degrees prohibited by law. He further made affidavit that they were not otherwise disqualified or incapable under the law of entering into a marriage re-

lation, and that they were both residents of Hollis, Harmon county, Okla., giving their respective ages. The marriage certificate was issued and the ceremony performed by Rev. E. L. Looman, minister of the Church of Nazarene. The only excuse disclosed by the record in mitigation of his crime was that he was going to make the state of Texas his home, and the defendant shows by his testimony, after he was arrested, he separated from his wife, and they went to Texas, and a second marriage ceremony was performed in Texas. The Texas ceremony in no way whatever affects the marriage in Oklahoma.

In view of the facts disclosed by the record in this case, it is the opinion of the court that the ends of justice will be best met by modifying the judgment and sentence of the defendant from 9 months in the penitentiary to a term of 60 days.

Defendant assigns eight errors alleged to have been committed by the trial court, all of which relate to the legality of his conviction and the overruling of his motion for a new trial. Finding no errors prejudicial to the rights of the defendant, the judgment and sentence of the trial court is modified from imprisonment in the penitentiary for 9 months to a term of 60 days, and, as so modified, is affirmed.

DOYLE, P. J., and EDWARDS, J., concur.